**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTON WIBOWO HARTONO and FNU SHINTA, | No. 10-70048 |
| Petitioners, | Agency Nos.     A096-351-501 <br> A096-351-502 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS and GOULD, Circuit Judges.

Anton Wibowo Hartono and Shinta, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hartono's motion to reopen as untimely because the motion was filed more than four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Hartono failed to establish changed circumstances to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 987, 989-90 (the new evidence must be "qualitatively different" from the evidence at the previous hearing).

We lack jurisdiction to consider any challenge to the BIA's decision not to sua sponte reopen proceedings. *See Mejia-Hernandez v. Holder,* 633 F.3d 818, 823-24 (9th Cir. 2011).

We deny Hartono's motions for judicial notice. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *cf. Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000) (the court may take judicial notice of dramatic events and will remand to the agency for consideration).

On April 30, 2012, petitioners submitted several motions based on a completely different set of underlying facts. We deny these motions.

10-70048

Finally, we reject Hartono's argument that the BIA violated his right to a full and fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**